IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 13-130 |
| | ) | |
| JESSE J. ALMENDAREZ, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER OF COURT

After having denied the government's request to involuntarily medicate the Defendant, Jesse Almendarez, we extended his commitment to the Federal Medical Center at Butner to June 15, 2016. Opinion and Order on Involuntary Medication, 4/13/2016, ECF No. 96. We ordered that the "Medical Center staff shall determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed." ECF No. 96, at 18. We then stated, but did not Order: "If it is determined that the Defendant's mental condition has not so improved as to permit proceedings to go forward, the Defendant is subject to the provisions of sections 18 U.S.C. § 4246. ECF No. 96, at 18.

The Medical Staff at the Federal Medical Center at Butner, North Carolina did conduct an evaluation and the Court has received a Forensic Evaluation dated June 22, 2016. The Medical Center staff's report indicates that Mr. Almendarez continues to refuse to voluntarily take medication and thus it is apparent that there is not a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

Based on the Forensic Evaluation, the government has filed a motion seeking a formal judicial finding pursuant to 18 U.S.C. § 4241(d)(2). ECF No. 100. Defense counsel has filed a Response opposing the government's motion, arguing that Mr. Almendarez is not a danger to

others or to property, and that in fact the Medical Center staff had previously determined that he is not a danger. ECF No. 101.

We understand defense counsel's position. We noted in our Opinion that Mr. Almendarez had "not engaged in behaviors that pose a high risk of danger to himself or others while in the confined setting." ECF No. 96, at 7. However, our focus at that time was on whether to allow the medical staff to involuntarily medicate Mr. Almendarez even though he was asserting his constitutionally protected Fifth and Fourteenth Amendment liberty interest in remaining free from unwanted medical treatment. When a defendant asserts his right to be free from medical treatment, the Supreme Court instructs Courts to first consider whether forced medication is warranted for a different purpose. What this means is a consideration of whether, *while confined*, the defendant is a danger to himself, or others, or that his safety or the safety of others is at risk to such an extent that forced medication is warranted. The Supreme Court recognized that when a defendant who refuses medication, but remains a dangerous physical risk to himself or others, medical staff may be warranted in involuntarily medicating that defendant without a Court's careful consideration of whether there is an "essential" or "overriding" state interest justifying forced medication. All we determined in our Opinion is that Mr. Almendarez did not present a threat to the safety of himself or others such that the staff would be justified in involuntarily medicating him against his will.

We are at a different stage of the proceedings. We have denied the request for involuntary medication. The medical staff has informed us that Mr. Almendarez continues to refuse medication and that it is not likely that he will be restored to competency. Having reviewed the Forensic Evaluation we find that there is not a substantial probability that in the foreseeable future Mr. Almendarez will attain the capacity to permit the trial to proceed. We are

bound by the statute that states that when a defendant's mental condition has "not so improved as to permit proceedings to go forward," he is subject to the provisions of 18 U.S.C. § 4246. All the Court is doing at this stage is making a formal judicial finding that Mr. Almendarez in fact suffers from a mental disease or defect rendering him mentally incompetent and that his condition has not so improved as to permit proceedings to go forward. Accordingly we will grant the government's motion.

AND NOW, this 13th day of July, 2016, IT IS HEREBY ORDERED that the government's Motion for a Judicial Finding Pursuant to 18 U.S.C. § 4241(d)(2) (ECF No. 100) be and hereby is GRANTED.

IT IS FURTHER ORDERED that the Court finds by a preponderance of the evidence that the defendant, Jesse J. Almendarez, is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also determines, pursuant to 18 U.S.C. § 4241(d)(2), that Mr. Almendarez's mental condition has "not so improved as to permit proceedings to go forward." Accordingly he is subject to the provisions of 18 U.S.C. §§ 4246. 18 U.S.C. § 4214(d)(2).

Maurice B. Cohill, Jr.
Senior United States District Court Judge

3